UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

2003 OCT -1 PM 2: 46

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| THOMAS D. TURNER | * | CIVIL ACTION |
| | * | |
| | * | 03-2742 |
| VERSUS | * | SECTION |
| | * | |
| KANSAS CITY SOUTHERN RAILWAY COMPANY, INC. (KCS) | * | MAG. SECT. C MAG 2 |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * *

**COMPLAINT FOR DAMAGES AND RACE DESCRIMINATION: 42 U.S.C. 1981**

**NOW INTO COURT**, through undersigned counsel comes Thomas D. Turner, a person of the age of majority and a resident of the Parish of Jefferson with respect represents:

**MADE DEDENDANT:**

Kansas City Southern Railway Company, Inc. (hereinafter referred to as KCS) a foreign corporation licensed to do and at all times doing business in Jefferson Parish, Louisiana and at all times pertinent the employer of Complainant.

1.

This Honorable Court has Federal Question Jurisdiction 28 U.S.C. 1331 and 13th Amendments of the United States Constitution, with Pendant jurisdiction of related Louisiana State Law claims under the Doctrine of <u>United Mine Workers v. Gibb</u>; more particularly, substantive law under 42 U.S.C. 1981 et seq.; Race Discrimination.

2.

All conditions precedent have been performed or have occurred (Fed. R. Civ. P. 9(c)).

Fee 150
Process
X Dktd
CtRmDep
Doc. No.

1

3.

That Complainant, Thomas Turner is an African American; a member of a protected class.

4.

That Complaint Thomas Turner was terminated from his position after serving approximately 27 years as Locomotive Engineer for KCS.

5.

That Complainant was called upon from time to time to serve as a KCS Locomotive Engineer Instructor and was qualified for his position at time of termination.

6.

That Defendant KCS treated its white conductor more favorably than it Black Engineer, Thomas Turner.

7.

That complainant asserts as cause of action, Title 42 U.S.C. 1981 (race discrimination) intentional infliction of emotional distress, mental pain, and anguish and all parallel State of Louisiana Statutes to preserve these causes of action under the one year prescription statutes.

8.

That on October 1, 2002, Locomotive Engineer Thomas Turner was engaged in backing up a series of train engines around a corner, in a very slow measured action. The engineer relies on the eyes and ears of the conductor before he takes an action. The conductor is in a physical position to provide the appropriate radio instructions. On this date the White conductor failed to give the appropriate instructions and a wheel of an engine went over a

safety device (derailer) taking one wheel off the track. The wheel was placed back on the track and no property damage was sustained.

9.

That complainant was informed management regularly taped recorded conversations of train yard conversations between engineer and conductor but the tape is now gone.

10.

On or about the October 15th an incident hearing was held. Management terminated Black Complaint, Thomas Turner and gave no action to White conductor. Through information and belief, approximately two weeks later the "same" White conductor was not paying attention again, and caused several train cars containing dangerous chemicals to side-swipe, resulting in tens of thousands of dollars in damage and requiring the appearance of a Fire Department Hazmat Unit with possible civilian evacuation. This time Management gave the "same" White conductor what was reported as a 45 days suspension to think about his actions.

11.

KSC actions are negligent and in violated Louisiana Revised Statute applicable provisions of 23: 301 - 23:332 et seq. involving race discrimination.

12.

That KCS is responsible for the actions if its management through the Doctrine of Respondent Superior.

3

13.

As a result of KCS actions complainant has been forced to incur severe mental and emotional damages amplifying a known pre-existing condition requiring psychiatric treatment and medication.

14.

That defendant, KCS is negligent in violating Complaints constitutional rights and those rights set forth in Title 42 U.S.C. 1981, and other acts of negligence; both State Federal that will be demonstrated at a trial of this matter.

15.

As a direct result of the aforementioned incident/actions complainant was caused to incur medical expenses, endure pain and suffering, mental anguish, physical disability and loss of wages in the past and in the future.

16.

As a result of the forgoing, KCS action, complaint is entitled to attorney fees, general damages, punitive damages, post and pre-judgment interest, as well as all general and equitable relief available under both State and Federal Law.

17.

That complaint is entitled to amount of damages to be determined by this Honorable Court.

**WHEREFORE**, complainant, Thomas D. Turner, prays that defendant Kansas City Southern Railway Company, Inc. (KCS) after due proceedings there by judgment in favor of complainant and against defendant for violation of 42 U.S.C 1981, for all pendant State Law claims of emotional injury and mental anguish, past loss wages, future loss wages, attorney fees costs of these proceedings and all general and equity relief.

Respectfully submitted,

_____
Donald F. de Boisblanc         (#4786)
Donald F. de Boisblanc, Jr.    (#23462)
J. Rand Smith, Jr.             (#27090)
Attorneys at Law
410 South Rampart Street
New Orleans, Louisiana 70112
Telephone:    (504) 586-0005
Facsimile:    (504) 586-0007