UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS D. TURNER | CIVIL ACTION |
| VERSUS | NO. 03-2742 c/w 05-2668 |
| KANSAS CITY SOUTHERN RAILWAY COMPANY, INC. | SECTION "C" (2) |

### ORDER ON MOTION

APPEARANCES: None (on the briefs)

MOTION: Defendant's Motion to Conduct Independent Vocational Rehabilitation Examinations, Record Doc. No. 71

O R D E R E D:

XXX : DENIED. This motion is governed by Fed. R. Civ. P. 35(a), which provides in pertinent part: "(1) The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . (2) The order: (A) may be made only on motion for good cause . . . " (emphasis added).

In appropriate circumstances, vocational rehabilitation examinations may be the subject of a Rule 35 order. See Fischer v. Coastal Towing Inc., 168 F.R.D. 199, 201 (E.D. Tex. 1996); Official Advisory Committee Notes to 1991 Amendment to Rule 35, Federal Civil Judicial Procedure and Rules at p. 197 (Thomson West, 2008 Revised Ed.). However, I cannot conclude on this record that the mental or physical conditions of the four named aggrieved parties in this case are "in controversy," that the proposed examiners are suitable to examine their mental or physical conditions even if they were in controversy, or that "good cause" has been shown to order the proposed vocational rehabilitation examinations. This is an employment discrimination case, not a personal injury or pure tort action. What is "in controversy" is the pecuniary losses (specifically, back pay and front pay) allegedly suffered by the aggrieved parties as a result of

discrimination, not as a result of mental or physical condition. As far as I can tell from the somewhat disjointed pleadings in this action, no physical condition of any kind is the subject of plaintiffs' wage loss claims and only their general mental states are relevant insofar as they seek general damages.  Only Turner has specifically alleged that defendant's actions resulted in "mental and emotional damages amplifying a known pre-existing condition requiring psychiatric treatment and medication," Record Doc. No. 1 in C.A. No. 03-2742 (Complaint at ¶ 13), but a vocational rehabilitation counselor is not an examiner suitably licensed to conduct an examination concerning that condition.

Unlike most interrogatories, requests for production, requests for admissions or depositions, a Rule 35 examination is unique among the discovery devices in requiring a court order before it may be conducted.  Such orders are not to be lightly or routinely granted.  The "mental or physical condition . . . in controversy" provision of Rule 35 is a threshold requirement that must be satisfied before such an examination is ordered. The vocational rehabilitation examinations proposed by defendant in this case appear geared toward the development of expert testimony concerning the ability of plaintiffs to earn money.  However, Rule 35 does not permit examination when a party's wage earning condition is in controversy, unless that issue is tied to a mental or physical condition.  Plaintiffs' claims in this case concerning their alleged wage losses are not claims that they have lost past or future earnings because some physical or mental condition prevents them from working. Instead, they flow from alleged race and/or gender discrimination, not mental or physical condition. Under these circumstances, I cannot find "good cause" sufficient to order these examinations.

New Orleans, Louisiana, this __20th__ day of August, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

2