UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS D. TURNER | CIVIL ACTION |
| VERSUS | NO. 03-2742 c/w 05-2668 |
| KANSAS CITY SOUTHERN RAILWAY COMPANY, INC. | SECTION "C" (2) |

### ORDER AND REASONS ON MOTIONS

Defendant, Kansas City Southern Railway ("KCS"), filed (1) a Motion for a Protective Order Setting the Place for 30(b)(6) Deposition, Record Doc. No. 101, and (2) a Motion to Quash in Part the EEOC's Notice of 30(b)(6) Deposition and/or for a Protective Order Limiting Examination Thereunder, Record Doc. No. 94. Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), filed timely memoranda in opposition to both motions. Record Doc. Nos. 103, 109. KCS received leave to file a reply memorandum in support of its motion to quash. Record Doc. Nos. 106, 107, 108.

As to the first motion, KCS has shown good cause for the issuance of a protective order, Fed. R. Civ. P. 26(c)(1), requiring that the Fed. R. Civ. P. 30(b)(6) deposition of KCS, through its designated corporate representative, John Derry, take place in Kansas

City, Missouri. That city is KCS's principal place of business and the place where Derry lives and works, and is also most convenient for the witness.

The "'deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business . . . especially when, as in this case, the corporation is the defendant.'" Reich Album & Plunkett, L.L.C. v. Wheat, Opperman & Meeks, P.C., No. 06-10850, 2007 WL 1655677, at *4 (E.D. La. June 4, 2007) (Roby, M.J.) (quoting Salter v. Upjohn, 593 F.2d 649, 651 (5th Cir. 1979)).

The presumption that a corporation's principal place of business is the default location for its deposition

> is based on the concept that it is the plaintiff who brings the lawsuit and who exercises the first choice as to forum. Courts have determined that this presumption satisfies the Rule 26(c) requirement of good cause. . . . A party may overcome the presumption, however, by showing that peculiar circumstances justify conducting the deposition at a location other than the corporation's principal place of business.

Tailift USA, Inc. v. Tailift Co., No. 03-CV-0196-M, 2004 WL 722244, at *1 (N.D. Tex. Mar. 26, 2004) (citing Salter, 593 F.2d at 651; Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp., 147 F.R.D. 125, 127 (N.D. Tex. 1992), aff'd, 992 F.2d 325 (5th Cir. 1993)) (additional citations omitted); accord Fuller v. Summit Treestands, LLC, No. 07-CV-0330A(M), 2008 WL 3049852, at *2 (W.D.N.Y. Aug. 1, 2008).

Some district courts have considered the following factors in deciding whether sufficient circumstances have been shown to overcome the presumption:

> 1. Counsel for the parties are located in the forum district;
> 2. The deposing party is seeking to depose only one corporate representative;
> 3. The corporation chose a corporate representative that resides outside the location of the principal place of business and the forum district;
> 4. Significant discovery disputes may arise and there is an anticipated necessity of the resolution by the forum court; and
> 5. The claim's nature and the parties' relationship is such that "an appropriate adjustment of the equities favors a deposition site in the forum district."

Tailift USA, Inc., 2004 WL 722244, at *2 (quoting Resolution Trust Corp., 147 F.R.D. at 127).

The EEOC addresses only the first factor, arguing that it would be more convenient and less expensive for all parties to depose Derry in New Orleans because KCS's counsel is located in New Orleans. The EEOC has failed to carry its burden to show exceptional or peculiar circumstances that would negate the presumption, which aligns with KCS's preference and the convenience of the witness, that the deposition should take place in Kansas City. Fuller, 2008 WL 3049852, at *2; Morin v. Nationwide Fed. Credit Union, 229 F.R.D. 362, 363 (D. Conn. 2005); Tailift USA, Inc., 2004 WL 722244, at *2 (citing Salter, 593 F.2d at 652). Having chosen the forum, "it is the plaintiff who is generally required to bear any reasonable burdens of

inconvenience that the action represents.  Moreover, the convenience of counsel is less compelling than any hardship to the witnesses." Morin, 229 F.R.D. at 363 (quotations omitted) (citing Devlin v. Transportation Comm'ns Int'l Union, No. 95-CV-0742, 2000 WL 28173, at *3-4 (S.D.N.Y. Jan. 13, 2000); Federal Deposit Ins. Co. v. La Antillana, S.A., No. 88-CV2670, 1990 WL 155727, at *1 (S.D.N.Y. Oct. 5, 1990)); accord Fuller, 2008 WL 3049852, at *2; Tailift USA, Inc., 2004 WL 722244, at *2.

Accordingly, IT IS ORDERED that KCS's Motion for a Protective Order Setting the Place for 30(b)(6) Deposition, Record Doc. No. 101, is GRANTED.

In its Motion to Quash in Part the EEOC's Notice of 30(b)(6) Deposition and/or for a Protective Order Limiting Examination Thereunder, Record Doc. No. 94, KCS seeks an order quashing or limiting Topic Nos. 1, 2, 4, 11, 13 and 14 of the EEOC's notice of the Rule 30(b)(6) deposition of KCS.  IT IS ORDERED that the motion is denied, for the following reasons.

The motion is denied as to Topic Nos. 1, 2 and 11 to the extent that these topics seek testimony concerning facts, not privileged communications or work product.  Of course, KCS retains the right to object to any question asked during the deposition that might stray away from the facts identified in these topics and into privileged or work

product matters, subject to Fed. R. Civ. P. 30(c)(2) and (d)(3) and Fed. R. Civ. P. 37(a)(2)(B).

The motion is denied as to Topic No. 4.  The court's scheduling order, which requires the disclosure of witness lists "not later than" a certain date, Record Doc. No. 60, implements the <u>disclosure</u> requirement of Fed. R. Civ. P. 26(a)(3).  It does <u>not</u> preclude a party from seeking, through <u>discovery</u> at an earlier date, information concerning the witnesses whom the opposing party may call at trial.

The motion is denied as to Topic Nos. 13 and 14.  These topics seek testimony concerning all "KCS employees whom <u>KCS contends</u> were similarly situated" or concerning "<u>Defendant's claim</u> that any KCS employee identified by it is similarly situated" to the five aggrieved employees on whose behalf the EEOC brought this action "and who were subject to the same or materially similar adverse employment actions." Record Doc. No. 94-2, deposition notice at ¶¶ 13, 14 (emphasis added).  In its memorandum, KCS denies that it has made any such contention or claim.  Certainly, the EEOC may depose KCS concerning its contentions in this regard.  If KCS denies during the deposition that it has made any such contention or claim, then that should be the end of the inquiry.

Therefore, the deposition must proceed as noticed, except that it should be conducted in Kansas City, Missouri.

New Orleans, Louisiana, this  24th  day of September, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE