UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS

| | |
|---|---|
| THOMAS D. TURNER | CIVIL ACTION NO. 03-2742 c/w 05-2668<br>Section C(2) |
| VERSUS | JUDGE DONALD E. WALTER |
| KANSAS CITY SOUTHERN RAILWAY COMPANY | MAGISTRATE JUDGE WILKINSON |

## O R D E R

Before this Court is a "Motion to Review Magistrate's Order Concerning Motion to Compel #1 Concerning Gary Moore" [Record Document 122], filed on behalf of the Equal Employment Opportunity Commission ("EEOC"). The EEOC seeks to have the Magistrate's Order denying the EEOC's Motion to Compel overruled, and for KCS to be compelled to respond to EEOC's Interrogatory No. 11. The Interrogatory requests a description of "the nature of conduct for which...[KCS] terminated Gary Moore," including a description of any knowledge KCS may have had, prior to Mr. Moore's termination, of his involvement with the Ku Klux Klan ("KKK").

Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense." However, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* In employment discrimination cases, the scope of discovery depends heavily upon the particular circumstances of the case. Courts frequently limit the scope of discovery to "plaintiff's employing unit." *Owens v. Spring/United Management Co.*, 221 F.R.D. 649, 653-54 (D.Kan. 2004).

At KCS, Gary Moore worked in the Mechanical Department in Shreveport, Louisiana. The

1

five Plaintiffs, four of whom were located in New Orleans, Louisiana, worked in the Transportation Department. KCS has established that the Mechanical Department and Transportation Department are wholly distinct and separate. Moreover, there are no allegations that Gary Moore or any other supervisors in the Mechanical Department were involved in any disciplinary actions related to Plaintiffs. All disciplinary decisions were made by Transportation personnel.

The EEOC has failed to demonstrate how the information sought is "relevant to any party's claim or defense," nor have they shown "good cause" for the court to order such discovery. Magistrate Wilkinson's Order was neither "clearly erroneous" nor "contrary to law" and thus cannot be set aside. *See* Fed. R. Civ. P. 72(a); *see also, Holton v. S&W Marine, Inc.*, 2000 WL 1693667 (E.D.La. 2000).

Therefore, **IT IS ORDERED** that the Magistrate's Order **DENYING** EEOC's Motion to Compel #1 Concerning Gary Moore, be and is hereby **AFFIRMED**.

THUS DONE AND SIGNED this 10th day of November, 2008.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE