UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS D. TURNER | CIVIL ACTION |
| VERSUS | NO. 03-2742 c/w 05-2668 |
| KANSAS CITY SOUTHERN RAILWAY COMPANY, INC. | SECTION "DEW" (2) |

## ORDER AND REASONS ON MOTION

The Motion to Intervene by Charging Party Lester Thomas, Record Doc. No. 141, is pending before me. Defendant filed a timely opposition memorandum. Record Doc. No. 143. Having considered the written submissions of the parties, the record and the applicable law, **IT IS ORDERED** that the motion is DENIED for the following reasons.

The Equal Employment Opportunity Commission ("EEOC") commenced Civil Action No. 05-2668 on June 29, 2005 under Title VII on behalf of six (later amended to five) allegedly aggrieved individuals. The EEOC alleged that Kansas City Southern Railway ("KCS") terminated the five employees on the basis of race and/or retaliated against them for engaging in protected activity. The EEOC's Complaint and Amended Complaint named Lester Thomas as one of the aggrieved employees who filed a charge of discrimination and whose employment was terminated on March 12, 2004. Record Doc. Nos. 1, 4.

Thomas now seeks to intervene of right under Fed. R. Civ. P. 24(a) to bring his own personal claims against KCS under Title VII and 42 U.S.C. § 1981. He argues that his motion to intervene is timely under Fed. R. Civ. P. 24(a) and that Title VII provides him, as a Charging Party on whose behalf the EEOC has brought this action, an unconditional right of intervention. See 42 U.S.C. § 2000e-5(f)(1) ("The person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC.]") (emphasis added).

KCS opposes the motion on grounds that Thomas settled all claims against it arising out of his March 12, 2004 termination and, alternatively, that the motion is untimely.

KCS has submitted to the court a letter dated January 24, 2005 from the Director of Labor Relations at KCS concerning Thomas's dismissal, in which KCS offered to reinstate Thomas. In exchange for reinstatement, Thomas signed the letter on February 2, 2005, signifying his agreement to its terms. Paragraph 4 of the letter states that "[a]ny and all claims in connection with this case, initiated or not, are withdrawn and are further barred. This includes any complaints, lawsuits, etc. filed with the EEOC." Defendant's Exhibit A, at p. 2. At his deposition, Thomas identified the letter, confirmed that he had signed it and acknowledged that it contained the language of paragraph 4. He stated that he took the letter to the EEOC and asked to withdraw his discrimination charge. Thomas

testified that did not sue KCS or appeal the termination decision to another level because the letter agreement had resolved his claim.  Defendant's Exh. D, at pp. 168-71.

The EEOC was advised of the settlement, but did not consent to Thomas's withdrawal of his charge.  Defendant's Exh. B.  The EEOC sent Thomas and KCS a Notice of Conciliation Failure on April 18, 2005, Defendant's Exh. C, and filed the instant lawsuit about two months later.

"Generally, settlement of a dispute renders moot any case growing out of that dispute."  Vela v. City of Houston, 276 F.3d 659, 683  (5th Cir. 2001) (citation omitted). "It is well-settled, that mootness is a threshold jurisdictional inquiry."  Louisiana Envtl. Action Network v. United States  Envtl. Prot. Agency, 382 F.3d 575, 580 (5th Cir. 2004). "If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents.  Therefore, before considering any other matters raised by the parties, we are obliged to resolve the standing question as a threshold matter of jurisdiction." Environmental Conservation Org. v. City of Dallas, 529 F.3d 519, 524 (5th Cir. 2008), cert. denied, 129 S. Ct. 418 (2008).

Regardless of the EEOC's pending action, Thomas's "settlement has rendered [his] personal claims moot."  Equal Employment Opportunity Comm'n v. Goodyear Aerospace Corp., 813 F.2d 1539, 1542 (9th Cir. 1987) (citing 13A C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3533.2 (2d ed. 1984)).  Because "[a]ny and

3

all claims" that Thomas had against KCS arising out of his March 12, 2004 termination were settled and are therefore moot, he has no standing to sue KCS under any theory.

Alternatively, Thomas's motion to intervene is untimely.

> A motion to intervene, either of right or by permission, must be timely. Timeliness is determined from all of the circumstances and there are four pertinent factors: (1) the time during which the proposed intervenors knew or reasonably should have known of their interest in the case, (2) the extent of the prejudice that the existing parties may suffer as a result of the proposed intervenors' failure to apply for intervention as soon as they actually knew or reasonably should have known of their interest in the case, (3) the extent of the prejudice that the proposed intervenors may suffer if the motion is denied, and (4) the existence of unusual circumstances militating for or against the determination that the motion is timely.

Cox v. McCrery, No. 06 2191, 2007 WL 61007, at *1 (W.D. La. Jan. 8, 2007) (Stagg, J.) (citing Lucas v. McKeithen, 102 F.3d 171, 173 (5th Cir. 1996)).

First, Thomas knew in April 2005 that he had a right to intervene in any action brought by the EEOC because the EEOC so advised him in its Notice of Conciliation Failure in April 2005. Defendant's Exh. C. This case had been pending for almost three and one-half years before Thomas sought to intervene. The other aggrieved employees all moved to intervene within nine months after suit was filed. See, e.g., Record Doc. No. 10, motion to intervene filed August 26, 2005; Record Doc. No. 30, motion to intervene filed January 31, 2006; Record Doc. No. 28, motion to intervene filed March 1, 2006. Thomas's only explanation for his delay is that he just "retained private counsel

within the past two months." Record Doc. No. 141, at p. 4.  This is an insufficient explanation for such a "great and undisputed delay" that "by itself [is] a sufficient basis for a district court's denial of leave to intervene." Lelsz v. Kavanagh, 710 F.2d 1047-48 (5th Cir. 1983) (quotation omitted).

Second, the existing parties would be prejudiced if the intervention were allowed at this late date.  The parties have engaged in extensive discovery and motion practice based on the existing claims and parties during the past three and one-half years.  KCS filed a motion for summary judgment that was dismissed without prejudice solely based on excessive page length, Record Doc. Nos. 116, 119, and it can be expected to refile its motion before the dispositive motion deadline in April 2009.  The discovery deadline is also in April 2009, and trial is set for June 8, 2009, which is the third trial date setting in this litigation.  The court has already cautioned the parties that additional requests for continuances will be scrutinized carefully.  Record Doc. No. 119.

Third, Thomas will not be prejudiced by denial of his motion because he has already settled his claims.  This also constitutes an unusual circumstance militating in favor of denying the motion.

For all of the foregoing reasons, Thomas's motion to intervene is denied.

New Orleans, Louisiana, this ___17th___ day of December, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE