UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS D. TURNER                                CIVIL ACTION

VERSUS                                          NO. 03-2742 c/w 05-2668

KANSAS CITY SOUTHERN                            JUDGE DONALD E. WALTER
RAILWAY COMPANY, INC.                           MAG. JUDGE WILKINSON

## ORDER ON MOTION

APPEARANCES: None (on the briefs)

MOTION:      EEOC's Motion for Protective Order to Quash or Limit the Deposition of Janice Thompson, Record Doc. No. 152

O R D E R E D:

 XXX : DENIED, subject to the conditions contained herein. The deposition should proceed as scheduled. Relevant, non-privileged facts that may be known by the witness are discoverable. Neither the federal regulation cited by the EEOC nor the possibility that the same information might also be obtainable from some other source is a ground for prohibiting this particular deposition.

      The EEOC cites 29 C.F.R. § 1610.32, which, it argues, precludes the requested deposition because the EEOC's Legal Counsel, a presidential appointee of the Executive Branch, has not authorized the testimony. I agree with Magistrate Judge Roper of the Southern District of Mississippi, who rejected the same argument for the following reasons:

> The EEOC initially resisted discovery on grounds that the Commission's Legal Counsel had not authorized it, relying on 29 C.F.R. § 1610.32 and the decision in United States, ex rel. v. Touhy, 340 U.S. 462, 467 (1951). The Regulation, which prohibits employees of the Commission from producing any documents or testifying without the permission of the Commission's Legal Counsel, was enacted pursuant to what is known as the "Housekeeping Statute," 5 U.S.C. § 301. That statute permits the head of an agency to prescribe regulations, such as the one at

issue here, for the disclosure of its records. The Touhy court upheld the validity of the statute, immunizing an agency employee who refused to testify or produce documents based on an order from his superior, stating that the centralization of authority to release records was lawful. 340 U.S. at 469-70.

However, Touhy's rationale was undermined by a decision rendered by the Supreme Court two years later, in which it considered a claim of governmental privilege and noted, "Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers." United States v. Reynolds, 345 U.S. 1, 9-10 (1953). Touhy's holding was further weakened by a 1958 amendment to the Housekeeping Statute, which added the language, "This section does not authorize withholding information from the public or limiting the availability of records to the public." The Defendants argue that Touhy does not stand for the proposition that a federal agency may completely resist discovery efforts, and the court agrees. Therefore, the discovery sought is not prohibited by the requirement that the agency's Legal Counsel must approve its release.

Blanks v. Lockheed Martin Corp., No. 4:05CV137LR, 2006 WL 1892512, at *1 (S.D. Miss. July 10, 2006) (Roper, M.J.); accord Leyh v. Modicon, Inc., 881 F. Supp. 420, 422 (S.D. Ind. 1995) (citing Exxon Shipping Co. v. United States Dep't of Interior, 34 F.3d 774, 777-78 (9th Cir. 1994); National Labor Relations Bd. v. Capitol Fish Co., 294 F.2d 868, 875 (5th Cir. 1961)); see also Equal Employment Opportunity Comm'n v. Greater Metroplex Interiors, Inc., No. 3-08-CV-1362-P, 2009 WL 412934, at *2 (N.D. Tex. Feb. 17, 2009) (Kaplan, M.J.) ("Numerous courts have allowed the deposition of an EEOC employee in cases brought by the agency.") (citing Equal Employment Opportunity Comm'n v. Corrections Corp. of Am., No. 06-CV-01956-EWN-MJW, 2007 WL 4403528 at *1 (D. Colo. Dec. 13, 2007); Serrano v. Cintas Corp., No. 04-40132, 2007 WL 2688565 at *2-3 (E.D. Mich. Sept. 10, 2007); Equal Employment Opportunity Comm'n v. Albertson's, LLC, No. 06-CV-01273-WYD-BNB, 2007 WL 1299194 at *2 (D. Colo. May 1, 2007); Equal Employment Opportunity Comm'n v. Airborne Express, No. 98-1471, 1999 WL 124380, at *2 (E.D. Pa. Feb. 23, 1999)).

However, it is conceivable that the witness may have knowledge of some relevant information that is subject to a privilege assertion, including the attorney-client privilege or the common law "deliberative process" or "official information" privilege relating to "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated," as explained in Branch v. Phillips Petroleum Co., 638 F.2d 873, 881-82 (5th Cir. Unit A 1981); accord Marriott

Int'l Resorts, L.P. v. United States, 437 F.3d 1302, 1306-07 (Fed. Cir. 2006) (citing Landry v. Federal Deposit Ins. Corp., 204 F.3d 1125, 1135 (D.C. Cir. 2000); Branch, 638 F.2d at 882-83)); Barnes v. Ergon Refining, Inc., 38 F.3d 568, 1994 WL 574190, at *2 (5th Cir. Oct. 4, 1994) (citing Olitsky v. Spencer Gifts, Inc., 842 F.2d 123 (5th Cir. 1988)); Blanks, 2006 WL 1892512, at *3 (citing Environmental Prot. Agency v. Mink, 410 U.S. 73, 87-89 (1973), superseded by statute in part on other grounds, as stated in Central Intelligence Agency v. Sims, 471 U.S. 159, 189 (1985); Branch, 638 F.2d at 881). Although these privileges do not shield facts known by the witness from discovery, and the witness must testify as to any such facts, the EEOC is free to assert proper privilege objections, where appropriate, in the manner contemplated by Fed. R. Civ. P. 30(c)(2) during the deposition.

New Orleans, Louisiana, this  11th  day of March, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE