## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| **THOMAS D. TURNER** | § | **CIVIL ACTION:** | **03-2742** |
| **Plaintiff** | § | **SECTION:** | |
| | § | **JUDGE:** | **WALTER** |
| | § | | |
| **Versus** | § | | |
| | § | | |
| **KANSAS CITY SOUTHERN RAILWAY** | § | **MAG. NUMBER:** | **2** |
| **COMPANY** | § | **MAGISTRATE:** | **WILKINSON** |
| **Defendant** | § | | |

*Consolidated with*

| | | | |
|---|---|---|---|
| **U.S. EQUAL EMPLOYMENT** | § | **CIVIL ACTION:** | **05-2668** |
| **OPPORTUNITY COMMISSION,** | § | **SECTION:** | |
| **Plaintiff** | § | **JUDGE:** | **WALTER** |
| | § | | |
| **Versus** | § | | |
| | § | | |
| **KANSAS CITY SOUTHERN RAILWAY** | § | **MAG. NUMBER:** | **2** |
| **COMPANY** | § | **MAGISTRATE:** | **WILKINSON** |
| **Defendant** | § | | |

---

## EEOC'S PRELIMINARY WITNESS AND EXHIBIT LIST

---

Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), files this list of potential witnesses and exhibits in accordance with the Scheduling Order of the Court.

## PRELIMINARY STATEMENT

Discovery is ongoing.   The parties continue to exchange documents and depositions remain to be done.   As such, the parties are not in a position to exhaustively identify all possible exhibits or witnesses.   The EEOC understands that the purpose of this list is for the parties to place one another on notice of the existence of documents which may be used at trial, and the identity of individuals who may be called at trial.   The EEOC reserves its right to amend or supplement its lists, as may be appropriate in the circumstances.

## POTENTIAL WITNESSES

The EEOC may call the following witnesses at trial:

1.  Thomas Turner.  May testify concerning: discrimination against Black employees at KCS; more favorable treatment of White employees than of Black employees at KCS; retaliation by KCS against Black employees who complain of discrimination; damages suffered as a result of unlawful discrimination.

2.  Jesse Frank.  May testify concerning: discrimination against Black employees at KCS; more favorable treatment of White employees than of Black employees at KCS; retaliation by KCS against Black employees who complain of discrimination; damages suffered as a result of unlawful discrimination.

3.  Clarence Cargo.  May testify concerning: discrimination against Black employees at KCS; more favorable treatment of White employees than of Black employees at

KCS; retaliation by KCS against Black employees who complain of discrimination; damages suffered as a result of unlawful discrimination.

4.      Lester Thomas.  May testify concerning: discrimination against Black employees at KCS; more favorable treatment of White employees than of Black employees at KCS; retaliation by KCS against Black employees who complain of discrimination; damages suffered as a result of unlawful discrimination.

5.      Roberta Brown.  May testify concerning: discrimination against Black employees at KCS; more favorable treatment of White employees than of Black employees at KCS; retaliation by KCS against Black employees who complain of discrimination; damages suffered as a result of unlawful discrimination.

6.      J.R. Thornell.  May testify concerning: KCS company practices and policies; his involvement in investigations or disciplinary measures relative to the Charging Parties.

7.      Ted Wax.  May testify concerning: KCS company practices and policies; his involvement in investigations or disciplinary measures relative to the Charging Parties.

8.      Scott Claiborne.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

9.      Frank Mouney.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

10.     Tommy Schmitt.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

11.     Jimmy Love.  May testify concerning: KCS company practices and policies; his involvement in investigations or disciplinary measures relative to the Charging Parties.

12.     Lane Bonds.  May testify concerning: KCS company practices and policies; his involvement in investigations or disciplinary measures relative to the Charging Parties.

13.     Paul Lobello.  May testify concerning: KCS company practices and policies; his involvement in investigations or disciplinary measures relative to the Charging Parties.

14.     Kathleen Alexander.  May testify concerning: KCS company practices and policies; her involvement in investigations or disciplinary measures relative to the Charging Parties.

15.     Paul Seghers.  May testify concerning: KCS company practices and policies; his involvement in investigations or disciplinary measures relative to the Charging Parties.

16.     David Stockinger.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

17.     Michelle Holmes.  The dispatcher involved in the Jesse Frank "missed call" incident.  May testify concerning: events which she witnessed or in which she was

- 3 -

involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

18. Eddy Kelly.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

19. Dennis Mitchell.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

20. Tim Loebig.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties, or regarding Defendant's practices and procedures..

21. B.M. Futz.  May testify concerning: events which s/he witnessed or in which s/he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

22. Dale Laurendine.  May testify concerning: events which s/he witnessed or in which s/he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

23. Paul Dawson.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

24. John Laurendine.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

25.     S.L. Gordon.  May testify concerning: events which s/he witnessed or in which s/he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

26.     Debra Lockhart.  May testify concerning: events which she witnessed or in which she was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

27.     Employee Lenny Conzonere.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

28.     Employee Steve Cutrer.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

29.     Gary Catoir.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

30.     Ed Laughlin.  May testify concerning: KCS company practices and policies; his involvement in investigations or disciplinary measures relative to the Charging Parties.

31.     Terry Migaud.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

32.     Oliver Jarrell.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

33.     Employee Magnum.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

34.     Sharon Scott.  May testify concerning: events which she witnessed or in which she was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

35.     David Hargrave.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

36.     Kevin Kavanaugh.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

37.     Joe McDonald.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

38.     Mark Redd.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

39.     John Derry.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of

the Charging Parties; may testify regarding Defendant's policies, practices, and procedures with regard to human resources and equal employment opportunity.

40.    Reggie Taylor.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

41.    Gloria Marshall.  May testify concerning: events which she witnessed or in which she was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

42.    Tom Hadel.  May testify concerning: KCS company practices and policies; his involvement in investigations or disciplinary measures relative to the Charging Parties.

43.    Josh Hall.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

44.    Randy Corsentino.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties; may testify regarding Defendant's discriminatory practices.

45.    Charles DuPont.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties; may testify regarding Defendant's discriminatory practices.

46.    Arthur White.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

47.    Sammy Conzonere.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

48.    William Bates.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

49.    Willie Turner.  May testify concerning: events which he witnessed or in which he was involved which pertain to disciplinary actions taken against one or more of the Charging Parties.

50.    Elgie Abner.  May testify concerning: race discrimination to which he was subjected on the basis of being Black; KCS practices of discriminating against Black employees on the basis of race; finding of discrimination and award of punitive damages by jury in Shreveport, Louisiana, for discrimination on the basis of being Black.

51.    Harry Brooks.  May testify concerning: race discrimination to which he was subjected on the basis of being Black; KCS practices of discriminating against Black employees on the basis of race; finding of discrimination and award of punitive damages by jury in Shreveport, Louisiana, for discrimination on the basis of being Black.

52.   James Martin.  May testify concerning: race discrimination to which he was subjected on the basis of being Black; KCS practices of discriminating against Black employees on the basis of race; finding of discrimination and award of punitive damages by jury in Shreveport, Louisiana, for discrimination on the basis of being Black.

53.   Steve May.   May testify concerning: race discrimination to which he was subjected on the basis of being Black; KCS practices of discriminating against Black employees on the basis of race; finding of discrimination and award of punitive damages by jury in Shreveport, Louisiana, for discrimination on the basis of being Black.

54.   Napoleon Player.  May testify concerning: race discrimination to which he was subjected on the basis of being Black; KCS practices of discriminating against Black employees on the basis of race; finding of discrimination and award of punitive damages by jury in Shreveport, Louisiana, for discrimination on the basis of being Black.

55.   Jerry Walker.   May testify concerning: race discrimination to which he was subjected on the basis of being Black; KCS practices of discriminating against Black employees on the basis of race; finding of discrimination and award of punitive damages by jury in Shreveport, Louisiana, for discrimination on the basis of being Black.

56.   Lawrence Player.  May testify concerning: race discrimination to which he was subjected on the basis of being Black; KCS practices of discriminating against Black employees on the basis of race; finding of discrimination and award of

punitive damages by jury in Shreveport, Louisiana, for discrimination on the basis of being Black.

57.   Wilbur Odom, Jr.  May testify concerning: race discrimination to which he was subjected on the basis of being Black; KCS practices of discriminating against Black employees on the basis of race; finding of discrimination and award of punitive damages by jury in Shreveport, Louisiana, for discrimination on the basis of being Black.

58.   Any individuals identified by Defendant as relevant comparators regarding disciplinary actions taken against the Charging

59.   Any persons identified in the documents previously produced by the EEOC to Defendant who may have information to support the EEOC's claims.

60.   Any persons named by any other party as potential witnesses on any witness list, or in any other context, in this matter.

61.   Any persons hereafter identified as having, or hereafter learned to have, knowledge of facts pertinent to this case.

62.   Any persons who may be necessary to offer rebuttal or impeachment testimony.

63.   EEOC personnel who may be needed to testify concerning procedural matters relevant to this action, such as but not limited custodians of records.

64.   Any person who by the time of trial has testified or been designated as a witness to any evidentiary hearing in this litigation.

65.   Denise Brame.  May testify concerning her role in reviewing appeals by Charging Parties of subject disciplinary actions taken by KCS.

66.   Defendant, KCS, via its Fed. R. Civ. Pr. Rule 30(b)(6) representatives.

67.   Any person identified or discussed during any deposition in this matter.

68.   Any persons identified by Defendant or any other party as an expert on its behalf.

69.   Any person identified in interrogatory responses of any party in this matter.

70.   Any persons identified by any party in initial disclosures in this matter.

71.   Any person identified by Defendant as a representative under Rule 30(b)(6).

72.   Any person whose deposition has been or will have been taken in this matter by the time of trial.

73.   Any person used as a declarant or affiant by any party in this litigation.

74.   Deana Smith.  May testify regarding discipline of one or more of the Charging Parties, including but not limited to J.R. Thornell's order to reinstate Joshua Hall but not Lester Thomas.

75.   Daniel Torres.  May testify regarding the facts relevant to the employment of the Charging Parties or to Defendant's procedures and practices.

76.   Dennis Marzec. May testify regarding the facts relevant to the employment of the Charging Parties or to Defendant's procedures and practices.

77.   James Smith. May testify regarding the facts relevant to the employment of the Charging Parties or to Defendant's procedures and practices.

78.   Phyllis Tasby. May testify regarding the facts relevant to the employment of the Charging Parties or to Defendant's procedures and practices.

79.   Rich Venditti. May testify regarding the facts relevant to the employment of the Charging Parties or to Defendant's procedures and practices.

80.   Dan Freeman. May testify regarding the facts relevant to the employment of the Charging Parties or to Defendant's procedures and practices.

81.     Scott Spears. May testify regarding the facts relevant to the employment of the Charging Parties or to Defendant's procedures and practices.

82.     Dave Ebbrecht. May testify regarding the facts relevant to the employment of the Charging Parties or to Defendant's procedures and practices.

## POTENTIAL EXHIBITS

The EEOC may use the exhibits described below at trial.  The EEOC will likely employ different exhibit numbers at trial.  The parties have consulted about the possibility of agreeing on a joint list of exhibits with a single set of numbers, as to exhibits which both sides may offer or use at trial.  However, no agreement has been reached.  The EEOC reserves the right to use individual documents within exhibits listed below, *en globo*, as separate exhibits, as may further the interests of judicial economy or otherwise be appropriate in the circumstances of these proceedings.  By identifying these *en globo* exhibits, which have been produced among the parties, the EEOC hereby places all parties on notice of its intent to use any documents contained within them.  The overwhelming majority of the documents exchanged among the parties herein have already been marked with "bates numbers."  As such, the descriptions below will enable all parties to ascertain what documents are referenced.  KCS has produced to the EEOC more than 38,000 pages of documents, some of which were delivered within the week prior to this filing. KCS has further advised that it intends to produce additional documents.  The EEOC will continue to review and evaluate those 38,000+ pages of documents through the time of trial.  The EEOC expressly states that it may use at trial any document produced by KCS to the EEOC to date, or hereafter.  Some descriptions below of documents which the EEOC may use at trial may not yet have been produced to the Commission, and/or may subsequent hereto be the subject of motions to compel.

| Number | Potential Exhibit |
|--------|-------------------|
| 1. | EEOC administrative file concerning instant charge of discrimination of Thomas Turner, *en globo* |
| 2. | EEOC administrative file concerning charge of discrimination of Jesse Frank, *en globo* |
| 3. | EEOC administrative file concerning first instant charge of discrimination of Clarence Cargo, *en globo* |
| 4. | EEOC administrative file concerning second instant charge of discrimination of Clarence Cargo, *en globo* |
| 5. | EEOC administrative file concerning first instant charge of discrimination of Roberta Brown, *en globo* |
| 6. | EEOC administrative file concerning second instant charge of discrimination of Roberta Brown, *en globo* |
| 7. | EEOC administrative file concerning instant charge of discrimination of Lester Thomas, *en globo* |
| 8. | Charge of discrimination of Thomas Turner |
| 9. | Charge of discrimination of Jesse Frank |
| 10. | Charge of discrimination of Clarence Cargo [1] |
| 11. | Charge of discrimination of Clarence Cargo [2] |
| 12. | Charge of discrimination of Roberta Brown [1] |
| 13. | Charge of discrimination of Roberta Brown [2] |
| 14. | Charge of discrimination of Lester Thomas |
| 15. | Notice of Conciliation Failure with respect to Thomas Turner and related documents from the EEOC's administrative charge file |
| 16. | Notice of Conciliation Failure with respect to Jesse Frank and related documents from the EEOC's administrative charge file |

| Number | Potential Exhibit |
|--------|-------------------|
| 17. | Notice[s] of Conciliation Failure with respect to Clarence Cargo and related documents from the EEOC's administrative charge file |
| 18. | Notice[s] of Conciliation Failure with respect to Roberta Brown and related documents from the EEOC's administrative charge file |
| 19. | Notice of Conciliation Failure with respect to Lester Thomas and related documents from the EEOC's administrative charge file |
| 20. | Letter of Determination with respect to Thomas Turner |
| 21. | Letter of Determination with respect to Jesse Frank |
| 22. | Letter[s] of Determination with respect to Clarence Cargo |
| 23. | Letter[s] of Determination with respect to Roberta Brown |
| 24. | Letter of Determination with respect to Lester Thomas |
| 25. | Position Statement[s] of KCS with respect to Thomas Turner |
| 26. | Position Statement[s] of KCS with respect to Jesse Frank |
| 27. | Position Statement[s] of KCS with respect to Clarence Cargo |
| 28. | Position Statement[s] of KCS with respect to Roberta Brown |
| 29. | Position Statement[s] of KCS with respect to Lester Thomas |
| 30. | Personnel file / disciplinary records of Thomas Turner |
| 31. | Personnel file / disciplinary records of Jesse Frank |
| 32. | Personnel file / disciplinary records of Clarence Cargo |
| 33. | Personnel file / disciplinary records of Roberta Brown |
| 34. | Personnel file / disciplinary records of Lester Thomas |
| 35. | Transcripts of disciplinary proceedings regarding Thomas Turner |
| 36. | Transcripts of disciplinary proceedings regarding Jesse Frank |

| Number | Potential Exhibit |
|--------|-------------------|
| 37. | Transcripts of disciplinary proceedings regarding Clarence Cargo |
| 38. | Transcripts of disciplinary proceedings regarding Lester Thomas |
| 39. | Transcripts of disciplinary proceedings regarding Roberta Brown |
| 40. | Any document identified during discovery as having relevance to the claims or defenses in this action |
| 41. | Any document produced by any party to this action |
| 42. | Any document listed by any other party to this action as a potential exhibit |
| 43. | Any document necessary for rebuttal or impeachment, the identify of which may not currently be ascertainable |
| 44. | KCS policies concerning progressive discipline |
| 45. | KCS policies concerning equal employment opportunity |
| 46. | KCS employee handbooks |
| 47. | Personnel file / disciplinary records pertaining to Frank Mouney |
| 48. | Personnel file / disciplinary records pertaining to Scott Claiborne |
| 49. | Personnel file / disciplinary records pertaining to comparators relevant to Thomas Turner |
| 50. | Personnel file / disciplinary records pertaining to comparators relevant to Jesse Frank |
| 51. | Personnel file / disciplinary records pertaining to comparators relevant to Clarence Cargo |
| 52. | Personnel file / disciplinary records pertaining to comparators relevant to Roberta Brown |
| 53. | Personnel file / disciplinary records pertaining to comparators relevant to Lester Thomas |
| 54. | Documents pertaining to financial condition of KCS |

| Number | Potential Exhibit |
|--------|-------------------|
| 55. | Documents pertaining to earnings / losses of Thomas Turner |
| 56. | Documents pertaining to earnings / losses of Jesse Frank |
| 57. | Documents pertaining to earnings / losses of Clarence Cargo |
| 58. | Documents pertaining to earnings / losses of Roberta Brown |
| 59. | Documents pertaining to earnings / losses of Lester Thomas |
| 60. | Any deposition transcripts, or portions thereof, needed for impeachment |
| 61. | Any deposition transcripts, or portions thereof, needed for testimony of unavailable witnesses, or which may be offered against a party opponent as an admission within the meaning of Rule 801(d)(2) of the Federal Rules of Evidence |
| 62. | Any exhibit or attachment to any pleading, discovery response, or deposition used by any party to this action |
| 63. | KCS's responses to EEOC's document requests |
| 64. | KCS's responses to EEOC's requests for admission |
| 65. | KCS's responses to EEOC's interrogatories |
| 66. | KCS's Answers to the instant Complaints |
| 67. | Responses by KCS to additional discovery, which responses may not yet exist |
| 68. | Documents written or otherwise caused to be prepared by Charles DuPont which relate to the manner in which Defendant conducts investigations associated with proposed disciplinary action. |
| 69. | Documents, including but not limited to disciplinary charges, hearing transcripts, and disciplinary actions, pertaining to incidents in Louisiana from January 1, 2001, to the present, which are similar to the incidents which gave rise to the charge of discrimination of Clarence Cargo. |

| Number | Potential Exhibit |
|--------|-------------------|
| 70. | Documents, including but not limited to disciplinary charges, hearing transcripts, and disciplinary actions, pertaining to incidents in Louisiana from January 1, 2001, to the present, which are similar to the incidents which gave rise to the charge of discrimination of Thomas Turner. |
| 71. | Documents, including but not limited to disciplinary charges, hearing transcripts, and disciplinary actions, pertaining to incidents in Louisiana from January 1, 2001, to the present, which are similar to the incidents which gave rise to the charge of discrimination of Jesse Frank. |
| 72. | Documents, including but not limited to disciplinary charges, hearing transcripts, and disciplinary actions, pertaining to incidents in Louisiana from January 1, 2001, to the present, which are similar to the incidents which gave rise to the charge of discrimination of Lester Thomas. |
| 73. | Documents, including but not limited to disciplinary charges, hearing transcripts, and disciplinary actions, pertaining to incidents in Louisiana from January 1, 2001, to the present, which are similar to the incidents which gave rise to the charge of discrimination of Roberta Brown. |
| 74. | Documents pertaining to disciplinary actions regarding Frank Mouney. |
| 75. | Documents pertaining to disciplinary actions regarding Scott Claiborne. |
| 76. | Documents pertaining to disciplinary actions regarding Thomas Schmitt. |
| 77. | Documents pertaining to disciplinary actions regarding David Stockinger. |
| 78. | Documents pertaining to disciplinary actions regarding B.M. Futz. |
| 79. | Documents pertaining to disciplinary actions regarding Dale Laurendine. |
| 80. | Documents pertaining to disciplinary actions regarding Paul Dawson. |
| 81. | Documents pertaining to disciplinary actions regarding John Laurendine. |
| 82. | Documents pertaining to disciplinary actions regarding S.L. Gordon. |
| 83. | Documents pertaining to disciplinary actions regarding Debra Lockhart. |
| 84. | Documents pertaining to disciplinary actions regarding Employee Conzonere (first name Sammy). |

| Number | Potential Exhibit |
|--------|-------------------|
| 85. | Documents pertaining to disciplinary actions regarding Employee Cutrer (first name Steve). |
| 86. | Documents pertaining to disciplinary actions regarding Sharon Scott. |
| 87. | Documents pertaining to disciplinary actions regarding David Hargrave. |
| 88. | Documents pertaining to disciplinary actions regarding Kevin Kavanaugh. |
| 89. | Documents pertaining to disciplinary actions regarding Reggie Taylor. |
| 90. | Documents pertaining to disciplinary actions regarding Gloria Marshall. |
| 91. | Documents pertaining to disciplinary actions regarding Josh Hall. |
| 92. | Documents pertaining to disciplinary actions regarding Dennis Mitchell. |
| 93. | Documents pertaining to disciplinary actions regarding Arthur White. |
| 94. | Documents pertaining to disciplinary actions regarding William Bates. |
| 95. | Documents pertaining to disciplinary actions regarding Willie Turner. |
| 96. | A list of all disciplinary investigations by Paul Lobello from January 1, 2001 to the present. |
| 97. | Documents reflecting Defendant's policies, rules, regulations, or codes of conduct governing its employees. |
| 98. | All employee handbooks of Defendant from January 1, 2001 to the present. |
| 99. | A list of all disciplinary investigations by each investigating officer who imposed discipline which was the subject of any of instant charges of discrimination (namely those of Clarence Cargo, Thomas Turner, Jesse Frank, Lester Thomas, or Roberta Brown), from January 1, 2001 to the present. |
| 100. | The "Program of Operational Testing", and any books or manuals bearing substantially that name, or serving substantially the same purpose. |
| 101. | All organizational charts for Defendant in effect from January 1, 2001 to the present. |

| Number | Potential Exhibit |
|--------|-------------------|
| 102. | Documents reflecting the positions held by, and the concomitant duties of, J.R. Thornell. |
| 103. | Documents reflecting the positions held by, and the concomitant duties of, Lane Bonds. |
| 104. | Documents reflecting the positions held by, and the concomitant duties of, A.J. Sonnier. |
| 105. | Documents reflecting the positions held by, and the concomitant duties of, Ted Wax. |
| 106. | Documents reflecting the positions held by, and the concomitant duties of, Paul Lobello. |
| 107. | Documents reflecting the positions held by, and the concomitant duties of, Charles DuPont. |
| 108. | Documents reflecting the positions held by, and the concomitant duties of, Paul Seghers. |
| 109. | Documents reflecting the positions held by, and the concomitant duties of, Tom Hadel. |
| 110. | The General Code of Operating Rules,  and any books or manuals bearing substantially that name, or serving substantially the same purpose. |
| 111. | Documents which reflect the duties and responsibilities of the position of trainmaster. |
| 112. | Documents which reflect the duties and responsibilities of the position of assistant trainmaster. |
| 113. | Documents which reflect the duties and responsibilities of the position of conductor. |
| 114. | Documents which reflect the duties and responsibilities of the position of engineer. |
| 115. | Documents which reflect the duties and responsibilities of the position of crew dispatcher. |

| Number | Potential Exhibit |
|--------|-------------------|
| 116. | Documents which reflect the procedures and policies associated with the "extra board." |
| 117. | Documents which set forth the wages, salaries, tips, and other compensation and benefits paid to the Charging Parties during their employment with Defendant |
| 118. | Documents which set forth all benefits, including medical, dental, pension, IRA, profit-sharing, vacation, life insurance, disability insurance, tuition assistance, paid and unpaid medical leave, and bonuses made available by Defendant to its employees during the period from January 1, 2001 to the present, and the conditions of eligibility for these benefits. |
| 119. | Documents which state or reflect Defendant's net worth from January 1, 2001, to the present. |
| 120. | With respect to each expert witness whom Defendant may call at trial, Documents reviewed, relied upon, and/or generated by the expert witness as a result of his or her work performed in this case. |
| 121. | Documents received in response to any subpoenas issued by Defendant in connection with this case. |
| 122. | Drug test results regarding, and any other documents which relate to, drug testing of Thomas Turner since January 1, 1996. |
| 123. | Documents which set forth, explain, or describe the circumstances under which KCS is permitted to drug test its employees. |
| 124. | Documents which set forth or relate to limitations, including but not limited to regulatory limitations and limitations deriving from Collective Bargaining Agreements or other union agreements, placed on KCS's entitlement to drug test its employees. |
| 125. | Documents which set forth, describe, or establish KCS's entitlement to drug-test Thomas Turner from January 1, 1999, to the present. |
| 126. | Documents which set forth or describe company procedures or policies concerning the creation, maintenance, or use of audio recordings of radio conversations between KCS employees. |

| Number | Potential Exhibit |
|--------|-------------------|
| 127. | Audio recordings which relate to the incidents involving the Charging Parties in this case, which have been or may in the future be produced by Defendant in discovery, and/or transcriptions of such recordings. |
| 128. | Documents which set forth or describe KCS's policies or procedures concerning the use of any device on a train to record the train's movements, including but not limited to devices known as an "Electronic Event Recorder" or by any substantially similar name, or serving any similar purpose. |
| 129. | Documents which set forth, describe, or relate  to the workings and/or technical specifications of any device on a train to record the train's movements, including but not limited to devices known as an "Electronic Event Recorder" or by any substantially similar name, or serving any similar purpose. |
| 130. | Data from any device on a train to record the train's movements, including but not limited to devices known as an "Electronic Event Recorder," which data relate to any of the incidents which are the subject of the charges of discrimination by the Charging Parties instant to this litigation. |
| 131. | Audio recordings played or otherwise presented by KCS in the investigative hearing concerning the subject incident involving Thomas Turner. |
| 132. | Audio recordings played or otherwise presented by KCS in the investigative hearings concerning the subject incidents involving Clarence Cargo. |
| 133. | Audio recordings played or otherwise presented by KCS in the investigative hearing concerning the subject incident involving Lester Thomas. |
| 134. | Audio recordings played or otherwise presented by KCS in the investigative hearing concerning the subject incident involving Jesse Frank. |
| 135. | Audio recordings played or otherwise presented by KCS in the investigative hearings concerning the subject incidents involving Roberta Brown. |
| 136. | Any documents identified by KCS in its indexes of documents produced to the EEOC, which are incorporated as if pled *in extenso* herein |

| Number | Potential Exhibit |
|--------|-------------------|
| 137. | Fifth Circuit Court of Appeals decision in <u>Abner v. Kansas City Southern Railway Company</u>, 513 F.3d 154 (5th Cir. 2008), and documents from the underlying district court proceedings which may be relevant to Defendant's discriminatory practices, its system of responding to employment discrimination, and any defenses offered by Defendant in this matter |
| 138. | Depositions, or portions thereof, of KCS officials and employees from other litigations, for purposes of impeachment, or other appropriate purposes |
| 139. | Transcripts, or portions thereof, of trial proceedings in <u>Abner</u>, cited above, for impeachment or other purposes |
| 140. | Documents pertaining to racially inappropriate conduct of Gary Moore, KCS's investigations into same, and reasons concerning KCS's termination of Mr. Moore's employment |
| 141. | Documents pertaining to Defendant's alleged good faith efforts to comply with Title VII, including documents pertaining to discipline or lack thereof in regard to discriminatory or harassing conduct by KCS employees, supervisors, or managers |
| 142. | Any exhibit to any discovery responses submitted by Defendant |
| 143. | EEO-1 forms, or other documents tending to show the demographic makeup of Defendant in relevant geographic areas |
| 144. | Documents produced by Defendant concerning disciplinary actions against White employees for equal employment opportunity related violations |
| 145. | Documents produced by Defendant tending to show potential bias of various witnesses, including but not limited to severance agreements in which signatories agree not to make statements or take actions adverse to the interests of Defendant |
| 146. | Documents which may be necessary to rebut or impeach evidence offered by Defendant |
| 147. | Demonstrative aids or exhibits which may be necessary to assist the jury in understanding the facts of this matter |

**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned


**JIM SACHER**
Regional Attorney
La. Bar Roll Number 14888
**RUDY SUSTAITA**
Supervisory Trial Attorney
No Bar Roll Number Assigned
Equal Employment Opportunity
Commission
Houston District Office
Mickey Leeland Federal Building
1919 Smith Street
Houston, Texas 77002-8049


/s/ Gregory T. Juge
**GREGORY T. JUGE (T.A.)**
Senior Trial Attorney
La. Bar Roll No. 20890
**N. ELEANOR GRAHAM**
Senior Trial Attorney
La. Bar. Roll No. 16946
**U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Street
Suite 1900
New Orleans, LA  70112
Tel:     (504) 595-2870 (Main Legal #)
           (504) 595-2877 (Juge)
           (504) 595-2875 (Graham)
Fax:    (504) 595-2886 or 589-6861
email: gregory.juge@eeoc.gov
**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that a copy of the foregoing pleading has been served on counsel of record for all parties, via United States mail, postage pre-paid, via email and/or E.C.F. transmission, via facsimile transmission, via hand delivery, or via next day delivery.


<u>March 18, 2009</u>                <u>/s/ Gregory T. Juge</u>
Date