IN THE UNITED STATES DISTRICT COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| THOMAS D. TURNER | § | CIVIL ACTION: | 03-2742 |
| Plaintiff | § | SECTION: | |
| | § | JUDGE: | WALTER |
| Versus | § | | |
| | § | | |
| KANSAS CITY SOUTHERN RAILWAY | § | MAG. NUMBER: | 2 |
| COMPANY | § | MAGISTRATE: | WILKINSON |
| Defendant | § | | |

*Consolidated with*

| U.S. EQUAL EMPLOYMENT | § | CIVIL ACTION: | 05-2668 |
| OPPORTUNITY COMMISSION, | § | SECTION: | |
| Plaintiff | § | JUDGE: | WALTER |
| | § | | |
| Versus | § | | |
| | § | | |
| KANSAS CITY SOUTHERN RAILWAY | § | MAG. NUMBER: | 2 |
| COMPANY | § | MAGISTRATE: | WILKINSON |
| Defendant | § | | |

## CONSENT DECREE

The Plaintiff, Equal Employment Opportunity Commission (the "Commission" or "EEOC"), allege in this suit that in 2002 and 2004, Thomas Turner and Lester Thomas, respectively, were unlawfully discharged by Defendant, the Kansas City Southern Railway Company ("Defendant" or "KCSR") because of their race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1) ("Title VII"). Defendant denies Plaintiff's allegations.

This Consent Decree shall not be construed as an admission by Defendant KCSR of any unlawful conduct. In the interests of resolving this matter, to avoid the costs of litigation, and as

1115213v2

a result of having engaged in negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree.

WHEREAS, Defendant specifically denies the allegations asserted in this lawsuit and denies Plaintiff is entitled to any of the relief it seeks therein, it is understood and agreed this Decree represents a compromise of disputed claims. Neither the existence nor the terms of this Decree constitute any admission by KCSR of any liability, wrongdoing, or violation of any law.

WHEREAS, the parties wish to resolve and fully and finally settle any and all claims asserted by the EEOC in the lawsuit without any admission of any kind by any party.

The parties stipulate to the jurisdiction of the Court and waive a hearing and the entry of findings of fact and conclusions of law.

IT IS THEREFORE ORDERED:

1. This Consent Decree is entered in full and complete settlement of any and all claims arising out of or contained in Civil Action No. 05-2668 as regards Defendant KCSR. This Consent Decree constitutes a complete resolution of all claims that were made by the Commission against Defendant in this action.

2. Defendant shall not discriminate against any employee or applicant for employment because of his or her race.

3. Defendant shall not discriminate or retaliate in any manner against any individual because he or she has made a charge of discrimination, testified, assisted, or participated in any manner in any investigation by the Commission or court proceeding relating to the charges of Lester Thomas and Thomas Turner.

4. Defendant shall provide Thomas Turner with a job recommendation by a senior level manager of Defendant, a copy of which is attached as Exhibit A.

5. Defendant shall also direct all parties seeking employment references or employment verification regarding Thomas D. Turner to contact "The Work Number" at 1-800-367-5690, and KCSR agrees that information provided by "The Work Number" is limited to the following neutral information: dates of employment, positions held, and salary information (if authorized by Mr. Turner).

6. When called by potential employers of Thomas Turner for job references, Defendant shall not mention his EEOC charge, his allegations of race discrimination, his lawsuit against Defendant or the EEOC's lawsuit against Defendant.

7. Defendant will segregate and keep confidential all documents regarding Thomas Turner's and Lester Thomas' claims of race discrimination, including but not limited to their EEOC charges, their lawsuits and the EEOC's lawsuit. These documents shall not be part of Thomas Turner's and Lester Thomas' personnel files.

8. Defendant's records shall reflect that Thomas Turner is eligible for rehire.

9. Defendant shall require the name of the KCSR employee who determines the discipline to be expressly stated on the corresponding discipline letter.

10. Defendant shall provide in its New Orleans facility and Shreveport facility live, in-person Equal Employment Opportunity ("EEO") training to its Transportation employees regarding employment discrimination, including, but not limited to the illegality of race discrimination. All participants shall be required to sign a registry upon completion of the training. The training shall be conducted within eight months from the entry of this Decree.

11. The training portion on race discrimination shall (i) explain that race discrimination is unlawful; (ii) instruct what conduct may constitute race discrimination; (iii) explain the damaging effects of race discrimination on its victims, their families, their co-workers,

and the workplace environment; and (iv) ensure that Defendant's managers know how to enforce its equal employment opportunity policy as it pertains to race.

12. The agenda, the teaching materials and the name and resume of the trainer shall be submitted to the EEOC for approval prior to the training. The EEOC shall then have fourteen (14) business days from the date of receipt of the information to accept or reject the contents of the topic outline and/or trainer. In the event that EEOC does not approve Defendant's materials or trainer, Defendant shall have twenty (20) business days to submit a revised outline and identify a new prospective trainer.

13. Following the training, Defendant shall notify the EEOC of the training by indicating when and where the training took place, the duration of the training, and the identity of the trainer(s) and the attendees. A copy of the registry shall be submitted to the EEOC as part of Defendant's reporting obligations. A report of the training shall be submitted to the EEOC no more than 30 days following the training. The notification or report shall be submitted to the EEOC at the following address: Rudy L. Sustaita, EEOC Houston District Office, 1201 Louisiana, 6th Floor, Houston, Texas 77002.

14. Within six (6) months from the entry of this Consent Decree, Defendant shall make a report to the EEOC documenting its compliance with each of the terms of this Decree and providing supportive documentation where applicable. In the event where full compliance has not been achieved, Defendant shall explain why compliance has not been achieved and shall provide its plan for compliance. The report shall be sent to the EEOC at the following address: Rudy L. Sustaita, EEOC Houston District Office, 1201 Louisiana Street, 6th Floor, Houston, Texas 77002.

1115213v2

15. Within thirty (30) days of the entry of this Decree, Defendant shall name a Liaison with whom the Commission can communicate regarding compliance with this Decree. Defendant shall provide the Liaison's name, title (if applicable), work address, and work telephone number. The Liaison shall be responsible for making reports under this Decree and for communicating with the Commission regarding compliance with each term of this Decree.

16. Within fourteen (14) business days after entry of this Decree, Defendant shall post copies of the Notice attached as Exhibit "B" to this Decree at its New Orleans facility and its Shreveport facility in conspicuous locations easily accessible to and commonly frequented by employees, the posters are required to be displayed in the workplace by EEOC regulation 29 C.F.R § 1601.30. The Notice shall remain posted for the duration of this Decree. Defendant shall ensure that the postings are not altered, defaced or covered by any other material.

17. If Plaintiff asserts that KCSR has breached any one or more of the terms of this Consent Decree, Plaintiff shall provide written notice to KCSR, delivered via facsimile to the Liason designated by KCSR in paragraph 15 above, describing in detail each asserted breach and identifying the corresponding term(s) of this Consent Decree. KCSR shall have sixty (60) days from receipt of plaintiffs' notice of breach to materially redress the identified breach(es). If KCSR fails to materially redress the identified breach(es) within sixty (60) days following its receipt of written notice of breach from Plaintiff, Plaintiff may commence proceedings to enforce the term(s) identified in its previously transmitted notice of breach.

18. The EEOC and Defendant shall bear their own costs and attorney's fees.

19. This Consent Decree shall remain in effect and shall be enforceable by the EEOC for one year from its entry.

1115213v2

THUS DONE AND SIGNED at _Shreveport_, Louisiana, this _31_ day of _January_ 2013.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE